**Joel CASLER, Plaintiff–Appellant,**

v.

**D. BRESSLER; Tuolumne County Sheriff's Department; County of Tuolumne, Defendants–Appellees.**

**No. 05–15735.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 2007.

Filed Feb. 22, 2007.

Kenneth M. Foley, Esq., Law Offices of Kenneth M. Foley, San Andreas, CA, for Plaintiff–Appellant.

James J. Arendt, Esq., Weakley & Ratliff, Arendt & McGuire, LLP, Fresno, CA, Walter Joseph De Lorrell, III, Esq., Sonora, CA, for Defendants–Appellees.

Before: B. FLETCHER, CLIFTON, and IKUTA, Circuit Judges.

## MEMORANDUM *

Appellant challenges the district court's order, granting summary judgment to appellees and denying any additional continuances for appellant. Having reviewed the matter, we find that appellant's arguments lack merit and affirm.

Appellant contends that the district court erred in refusing to obtain a search warrant affidavit sealed by a state superior court for an in camera review. However, he has failed to direct the court towards any authority that suggests, even obliquely, that the district court possesses such a power. Instead, appellant cites to a number of cases that answer an entirely different question: whether appellant is entitled to review a sealed affidavit already in the possession of the federal court. These cases say nothing of the court's ability to obtain the warrant in the first place and, thus, provide no support for appellant's argument. Additionally, this court has failed to locate any authority that suggests the district court has such a quasi-appellate power to review state court decisions.

Appellant is also not entitled to any additional continuances because he failed to diligently pursue the sealed affidavit himself. Although appellant did unsuccessfully request that the state court unseal the affidavit—though only after significant prodding from the district court—he never asked the state court to reconsider its decision, never appealed the denial of his motion, never filed a petition for writ of mandate in the California Court of Appeal, and never gave the state court the option of redacting the warrant prior to its unsealing. Nor did appellant ever subpoena the affidavit or depose any of the relevant parties about its contents. In short, appellant did little more than appear in district court and request that the court "somehow" obtain the warrant for him. Such effort is wholly insufficient. *See, e.g., Chance v. Pac–Tel Teletrac, Inc.,* 242 F.3d 1151, 1161 n. 6 (9th Cir.2001).

Without the affidavit, appellant concedes that he cannot establish any of the claims made in his complaint. Because the district court did not err in refusing to obtain the affidavit, and appellant has not produced any evidence in support of his suit, the district court did not err in granting summary judgment to appellees. And because appellant did not diligently attempt to acquire the affidavit, the district court did not abuse its discretion in refusing to allow additional continuances.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.